**SIERRA CLUB et al., Plaintiffs,**

v.

**Stanley R. RESOR, Secretary of the Army, et al., Defendants,**

**Milan and Doris SLAYBACK et al., Interveners.**

**No. 71–C–170.**

United States District Court, W. D. Wisconsin.

July 9, 1971.

Robert W. Smith, Daniel W. Hildebrand, Madison, Wis., for plaintiffs; James B. MacDonald, Madison, Wis., of counsel.

John O. Olson, U. S. Atty., Madison, Wis., Michael Ferring, Corps of Engineers, U. S. Army, St. Paul, Minn., for defendants.

David E. Beckwith, Walter F. Kelly, Milwaukee, Wis., for interveners.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

■ Plaintiffs have moved for a preliminary injunction in broad terms, but have orally limited the prayer, so that the interim restraint sought would correspond approximately to the terms of a brief moratorium upon which counsel agreed for the period prior to the hearing on the motion for a preliminary injunction. Basically, the narrower preliminary injunction now sought would prevent the defendants from work which would significantly affect the physical environment in the Kickapoo Valley area and from the exercise of the power of eminent domain in connection with the disputed project.

By affidavits, the defendants have alleged that the work scheduled to be done during the next six to twelve months (which is described in rather particular terms) will have minimal effects upon the physical environment and that few of these effects will be permanent. Defendants acknowledge that they may engage in some land condemnation during this period.

But the defendants' chief contention is that the plaintiffs have failed affirmatively to show that irreparable injury will result if the preliminary injunction is not granted. This contention is sound. Plaintiffs' showing on the motion for a preliminary injunction has been limited almost exclusively to an argument that their chance ultimately to succeed in this lawsuit is good, and that the irreparable injury will flow from the overall dam project in later stages of construction and after completion. Except for the relatively minor work which defendants have acknowledged that they intend to perform within the next six to twelve months, plaintiffs point only to the threat of land condemnation. I agree that if the project is shown to be unlawful, as plaintiffs contend it to be, certain landowners, perhaps including one or more of the plaintiffs, may involuntarily exchange for cash parcels of land which they may prefer to keep. However, I cannot agree that an injury of this kind has been considered irreparable in the law.

The consequences which will flow from the absence of the prayed for preliminary injunction during the next six months to a year must be weighed against those which will flow from the entry of a preliminary injunction. The latter are not easy to measure, particularly because the defendants have directed their allegations to the consequences of a broad preliminary injunction (understandably, since the narrowing of plaintiffs' request occurred only during oral argument). However, it appears reasonable to conclude that even a narrowly drawn preliminary injunction, which would prevent certain exploratory drilling and the clearing of about 10 acres of land, for example, might well result in as much as a one year delay in the completion of the project. Assuming that plaintiffs do not succeed in this lawsuit, and that the project is not otherwise kept from completion, a delay of one year in the realization of its benefits is a significant factor.

The order entered below will deny plaintiffs' motion. It is not intended to foreclose plaintiffs from seeking interlocutory injunctive relief in this lawsuit whenever they may believe that they can make the showing necessary to obtain it.

Upon the basis of the entire record herein, the plaintiffs' motion for a preliminary injunction is hereby denied.